UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LYNN REDDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00708-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 21). |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

　　　　Plaintiff presents the following issue: "The ALJ failed to include work-related limitations in the residual functional capacity consistent with the nature and intensity of Plaintiff's limitations and failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints." (ECF No. 21, p. 1).[1]

---

[1] The Commissioner notes that Plaintiff's brief does not provide separate argument challenging the RFC based on the ALJ's failure to include certain work-related limitations. (*See* ECF No. 24, p. 3 n.2). Based on Plaintiff's brief, the Court finds that Plaintiff challenges the ALJ's RFC assessment only to the extent that Plaintiff argues that the ALJ improperly discounted Plaintiff's subjective complaint testimony regarding the time needed to handle his urostomy

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

**I.   ANALYSIS**

Plaintiff testified at the hearing that he spends "probably two hours" a day attending to the permanent urostomy appliance that he received after he underwent surgery for bladder cancer. (ECF No. 21, p. 7 (citing to A.R. 40-41, 43)). Plaintiff argues the ALJ failed to provide clear and convincing reasons to reject his subjective complaint testimony regarding these limitations, i.e., the amount of time Plaintiff requires daily to handle his urostomy appliance. (*Id.* at pp. 7-11). Plaintiff argues that this amounts to harmful error because the Vocational Expert testified that "a person who is off-task fifteen percent of an eight [hour] workday cannot perform full-time work." (*Id.* at p. 11).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Additionally, an ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

As an initial matter, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 22). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

---

appliance, and thus, failed to include such limitations in the RFC.

2

The ALJ summarized Plaintiff's medical history as follows:

> In May of 2019, the claimant reported experiencing pain in the lower to mid abdomen and during urination (Exhibit 2F, p. 7). A subsequent pelvic ultrasound showed a lobulated solid 1 cm mass within the urinary bladder that was suspicious for a bladder neoplasm (Exhibit 2F, p. 57). A computed tomography (CT) scan of the abdomen and pelvis showed a 2.9 x 3.8 x 4 cm enhancing mass of the left side of the urinary bladder base with an enlarged prostate gland resulting in mass effect on the urinary bladder base and constipation (Exhibit 1F, p. 45). Physicians diagnosed bladder cancer (see Exhibits 4F, p. 12; 10F, p. 15) and in October of 2019, he underwent transurethral resection of bladder tumor with an examination under anesthesia, left retrograde pyelogram with interpretation, and insertion of ureteral stent (see Exhibits 1F, pp. 47- 49; 2F, pp. 40-41). Thereafter, in December of 2019, he underwent a robot-assisted laparoscopic radical cystoprostatectomy, with bilateral extended pelvic lymph node dissection, including intestinal resection, reanastomosis and ureteral intestinal anastomosis with ileal conduit urinary diversion and urostomy creation (Exhibits 4F, pp. 15-17, 19-22; 5F, pp. 39-41).
>
> In February of 2020, the claimant reported having some abdominal pain with an unintentional weight loss of seven pounds (see Exhibit 6F, p. 31), but there was no abdominal tenderness, the bladder was non-palpable and non-distended (see Exhibit 6F, p. 32) and a visual overview of all four extremities was normal (see Exhibit 5F, p. 36). In March of 2020, he described his pain as being a six out of ten (see Exhibit 7F, p. 18) and a diagnostic image of the kidney revealed minimal excretion into the urostomy bag, aided by Lasix administration, but still delayed with time to T½ of 25.7 minutes on the right (Exhibits 11E, p. 7; 8F, p. 3). However, by April 3, 2020, he was doing well with no complaints or concerns (see Exhibit 7F, p. 8) and he described his pain as a zero out of ten (see Exhibit 7F, p. 10). In addition, in May of 2020, he reported being cancer free (Exhibit 9F, p. 4).
>
> A report from August of 2020, the claimant indicated he was acclimating to his urostomy appliance (see Exhibits 11E, p. 9; 8F, p. 5; 10F, p. 16) and a physical examination revealed no back, neck or joint pain with no muscle pain or decreased range of motion (see Exhibits 8F, p. 5; 10F, p. 16). Treatment reports further showed the abdomen was soft to palpitation in all four quadrants with no tenderness or guarding and the urostomy was present and viable with clear yellow tinged urine (Exhibits 8F, p. 6; 10F, p. 17). In addition, examinations routinely revealed a full passive and active range of motion in all limbs, five out of five muscle strength in the upper and lower extremities with no limb or joint deformities and a normal gait (Exhibits 4F, p. 11; 5F, p. 44; 6F, pp. 14-15; 8F, p. 6; 10F, p. 17).

(A.R. 21).

After a review of the prior administrative medical findings and lay testimony, the ALJ discussed Plaintiff's subjective complaints as follows:

> In this case, the claimant's statements and allegations are not fully consistent with the medical and other evidence. For example, he alleged his ability to remember is

>"affected" (see Exhibit 7E, p. 6), but that is inconsistent with the record, which showed he was oriented times four with a normal short and long term memory, fluent speech and average intellectual functioning (see Exhibit 9F, pp. 4-5). The claimant further alleged suffering from significant physical limitations, including in the ability to reach, walk, and sit (Exhibit 7E, p. 6). However, that is inconsistent with examinations that routinely revealed a full passive and active range of motion in all limbs, five out of five muscle strength in the upper and lower extremities with no limb or joint deformities and a normal gait (Exhibits 4F, p. 11; 5F, p. 44; 6F, pp. 14-15; 8F, p. 6; 10F, p. 17). Overall, the claimant alleges suffering from significant limitations due to bladder cancer, which prohibit him from working (see Exhibits 2E, p. 2; 4E, p. 2; hearing testimony), but that is inconsistent with his receipt of unemployment benefits, which would presumptively indicate he was stating he was able and seeking work. In addition, in May of 2020, he reported being cancer free (see Exhibit 9F, p. 4) and an alleged inability to work is inconsistent with the prior administrative medical finding of Drs. Brodsky and Linder (see Exhibits 1A; 4A).

(A.R. 22).

Upon consideration, the Court concludes that the ALJ provided "findings sufficiently specific to permit the [C]ourt to conclude that the ALJ did not arbitrarily discredit [Plaintiff's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

Here, Plaintiff argues the ALJ misrepresented the number of reports indicating that Plaintiff was acclimating to his appliance by citing to the same August 26, 2020 clinic note that appears in three different exhibits. (ECF No. 21, p. 9 (citing to A.R. 21-22, 232, 604, 645)). While it is correct that multiple records appear to have cited to one note, that one note nevertheless supports the ALJ's reasoning.  Plaintiff does not point to any evidence in the record that demonstrates the ALJ "developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports." *Reddick v. Chater*, 157 F.3d 715, 723 (9th Cir. 1998) (finding error when "considerable evidence the record . . .detract[ed] from the ALJ's conclusions").  Moreover, as the Commissioner argues (*see* ECF No. 24, p. 9), even Plaintiff's testimony that he spends "probably two hours" every day attending to the appliance does not mean that Plaintiff will miss fifteen percent of work because the estimate includes time before, after, and spread throughout the workday.

Plaintiff also argues the ALJ did not provide any reason as to why the evidence that Plaintiff was "acclimating" to his urostomy appliance was inconsistent with Plaintiff's testimony regarding the amount of time spent handling the appliance. (ECF No. 21, p. 10). However, ALJ's

are not required "to perform a line-by-line exegesis of the claimant's testimony. . .[nor] to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Moreover, evidence that Plaintiff was improving in his ability to manage the urostomy appliance is a legally sufficient reason to discount Plaintiff's subjective symptom testimony. *C.f. Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 500 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with treatment over time).[2]

The Court notes that Plaintiff does not challenge any of the other reasons to discount Plaintiff's testimony that were provided by the ALJ. To the extent that the ALJ discounted Plaintiff's testimony about the "overall" limitations Plaintiff experiences due to bladder cancer, the ALJ also stated these limitations were "inconsistent with the prior administrative medical findings of Drs. Brodsky and Linder." (A.R. 22 (citing to A.R. 57-65, 68-77). The Court finds no legal error in the ALJ's conclusion that the objective record was inconsistent with Plaintiff's testimony regarding the limitations that resulted from Plaintiff's bladder cancer treatment. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective symptom testimony.") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

Accordingly, the Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's subjective complaints.

\\\

\\\

---

[2] Plaintiff also argues the ALJ erred in discrediting Plaintiff's subjective symptom testimony based on Plaintiff's receipt of unemployment benefits without establishing based on evidence on record that Plaintiff "held himself out as available for full-time or part-time work," *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). (ECF No. 21, p. 10). In response, the Commissioner argues that another case, *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988), "imposes no such requirement and that case has not been overruled." (ECF No. 24, p. 8). The Court finds that *Copeland* does not squarely address whether an ALJ is required to establish whether a claimant held themselves out as available for full-time or part-time work before discounting a claimant's subjective symptom testimony based on the claimant's receipt of unemployment benefits. Further, *Carmickle* found that an ALJ's credibility determination based on the receipt of unemployment benefits to be not supported by substantial evidence when "the record . . .does not establish whether [plaintiff] held himself out for full-time or part-time work [as] [o]nly the former [i.e., full-time work] is inconsistent with [plaintiff's] disability allegations." *Carmickle*, 533 F.3d at 1161-62 (citing *Copeland*, 861 F.2d at 542). Nevertheless, to the extent the ALJ erred, such error is harmless because the ALJ provided other legally sufficient reasons in support of the credibility determination. *Carmickle*, 533 F.3d at 1162-63.

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is AFFIRMED. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __April 18, 2023__           /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE